**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANITA CASANDRA FIELDS,

      Plaintiff,

vs.                                             CASE NO. 3:13-cv-1192-J-MCR

CAROLYN W. COLVIN, Commissioner of
the Social Security Administration,

      Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for Supplemental Security Income ("SSI") disability payments. Plaintiff asserts an amended disability onset date of September 1, 2010 (Tr. 285).[1] On May 15, 2012, Administrative Law Judge ("ALJ") Patrick F. McLaughlin held a hearing, at which Plaintiff was represented by an attorney (Tr. 36-61). Thereafter, the ALJ issued an unfavorable decision finding Plaintiff was not disabled through June 8, 2012, the date of the decision. (Tr. 16-30.)

In reaching the decision, the ALJ found Plaintiff had the severe impairments of: "alpha thalassemia mutation, portal vein thrombosis, mesenteric ischemia, hiatal hernia, and headaches." (Tr. 21.) The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, with the following restrictions: (1) "she may lift and carry 10 pounds occasionally and lift and carry 5 pounds

---

[1]Plaintiff previously was denied SSI disability payments by an ALJ decision dated May 21, 2010 (Tr. 62-73).

frequently;" (2) she "is able to sit for 6 hours total in an eight-hour workday;" (3) she "is able to stand and walk for a total of 2 hours in an eight-hour workday;" (4) she "may occasionally climb, balance, stoop, kneel, crouch, and crawl;" (5) she "should have no exposure to heights or hazards;" and, (6) she "may have occasional exposure to pulmonary irritants." (Tr. 22.) Based on this RFC and his finding Plaintiff had no past relevant work, the ALJ utilized the services of a vocational expert to determine Plaintiff could perform a significant number of jobs in the national economy and she therefore was not disabled (Tr. 29-30).

Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The parties consented to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16). The undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED.**

## I. Issues on Appeal

Plaintiff raises three issues on appeal, each of which alleges error in how the ALJ weighed the medical opinion evidence. First, Plaintiff argues the ALJ erroneously credited the outdated opinion of a non-examining physician, whose report was issued before the majority of medical evidence was submitted. Second, Plaintiff asserts the ALJ failed to articulate good cause for not crediting the current medical opinions of Plaintiff's two treating physicians, Dr. Sang Chung and Dr. Amanda Zaide. Third, Plaintiff claims the ALJ erred in failing to credit the opinion of examining physician Dr. Robert Sury, whose opinion was based both on his longitudinal review of the medical

evidence and his examination results.

Defendant responds that the ALJ's decision is supported by substantial evidence and decided by the correct legal standards. Specifically, the Commissioner argues it was proper for the ALJ to give "significant weight" to the opinion of the state agency medical consultant who reviewed Plaintiff's record in January 2011, while giving little weight to the more recent 2012 opinions of treating physicians Drs. Chung and Zaide, and the examining opinion of Dr. Sury.

Upon review and consideration, the Court finds the ALJ did not weigh the medical opinion evidence in accord with the Commissioner's regulations and the prevailing case law of this circuit.

## II. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356,

1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

### III. Discussion

Plaintiff argues substantial evidence does not support the ALJ's adoption of a non-examining physician's opinion when determining her RFC. According to Plaintiff, the opinions of two treating physicians and one examining physician should be afforded more weight than the non-examiner's opinion, and the ALJ's reasons for doing otherwise are inadequate. On the facts of this case, the Court agrees.

Plaintiff is correct that the opinion of a treating physician "'must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2003) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). "'Good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241 (quoting *Lewis*, 125 F.3d at 1440). Additionally, the ALJ must clearly articulate legitimate reasons for disregarding an opinion of a treating physician. *See id.* at 1240.

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic

4

techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 416.927(c)(2). "The opinions of non-examining, reviewing physicians . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence." *Hoffman v. Astrue*, 259 F. App'x 213, 217 (11th Cir. 2007) (citation omitted).

In his decision, the ALJ found Dr. Zaide's medical opinion report dated May 1, 2012 was entitled to little weight. Dr. Zaide was Plaintiff's treating physician at the time of the administrative hearing, and had become Plaintiff's primary care physician approximately fifteen months earlier (Tr. 977-88, 1207-11). The ALJ found Dr. Chung's opinion report dated April 26, 2012 was also entitled to little weight. Dr. Chung was Plaintiff's treating physician from March 1997 through February 2011 (Tr. 1242-1353). Dr. Sury, who examined Plaintiff on January 5, 2012 and conducted a comprehensive review of Plaintiff's medical records, provided a narrative medical opinion report and a completed Physical Residual Functional Capacity Questionnaire, which the ALJ also afforded little weight. Instead, the ALJ gave significant weight to the January 3, 2011 RFC assessment report of Dr. Olga Garcia, the state agency medical consultant who reviewed the submitted medical records as of that date, because it was "based on the overall medical evidence of record . . . and the objective findings support the residual functional capacity limiting [Plaintiff] to sedentary exertional work." (Tr. 28.)

"Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported

by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)). Although the ALJ is required to consider all of the evidence, he is not required to discuss all of the evidence presented, but rather must explain why "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Here, the ALJ failed to explain why probative evidence that supported Dr. Zaide's opinion was not considered. For example, Dr. Zaide's opinion that Plaintiff would miss more than four (4) days of work per month is certainly probative evidence regarding an individual's ability to maintain a regular schedule (*see* Tr. 1204).[2] As such, the ALJ was required to explain why he chose to discount it. Dr. Sury's opinion evidence includes his independent assessment that Plaintiff would likely miss more than four days of work per month because of her impairments or treatment (Tr. 1001). Dr. Chung estimated Plaintiff would likely miss about two (2) days of work per month (Tr. 1358). Although the ALJ re-stated this opinion evidence in the decision, he failed to explain why he disregarded, or rejected, it (*see* Tr. 26-27). Moreover, Dr. Garcia's opinion report does not address Plaintiff's ability to maintain a regular work schedule. The Court has found nothing in the record that contradicts this opinion.

---

[2]A review of Plaintiff's treatment history with Dr. Zaide reveals sixteen (16) office visits from March 28, 2011 through May 2, 2012 (Tr. 977-88, 1207-1211). Hospitalizations during the same time period total an additional ten (10) days (Tr. 1109-1117, 1149-64, 1098-1101). Plaintiff also was hospitalized in January 2011 for five (5) days (Tr. 1213-41).

In his consideration of Dr. Zaide's opinions, the ALJ reasoned her opinion report was not supported by medical evidence, was inconsistent with her "good prognosis" of Plaintiff, and was inconsistent with her "relatively normal physical findings in her treatment records." (Tr. 28.) On the record of this case, however, these findings are not legitimate reasons to discount the treating doctor's assessment of her patient's work related abilities. *See Phillips*, 357 F.3d at 1241 (finding substantial evidence supported an ALJ's finding because the ALJ articulated several legitimate reasons for giving little weight to a medical opinion).

In this instance, Dr. Zaida completed a Physical Residual Functional Capacity Questionnaire within six (6) days of having last seen and treated Plaintiff (*see* Tr. 1201-05, 1208-09).  Dr. Zaida's assessment of Plaintiff's physical capacity for work was determined after more than a year of monthly office visits and three instances of hospitalization for Plaintiff's ongoing symptoms and complaints (*see* Tr. 977-88, treatment notes; Tr. 1098-1103, hospital records; Tr. 1109-1117, hospital records; Tr. 1149-64, hospital records; Tr. 1207-1211, treatment notes).  Dr. Zaide's treatment records of Plaintiff do not appear to this Court to reflect "normal physical findings." Rather, these records contain a multitude of diagnoses of conditions outside normal physical findings.  The twenty-seven different diagnosis codes, that are recorded numerous times, and the corresponding physical ailments are substantial evidence to support Dr. Zaide's medical opinions.[3]  Moreover, the voluminous hospital and

---

[3] "A diagnosis alone is an insufficient basis for finding that an impairment is severe.  The severity of a medically ascertained impairment must be measured in terms of its effect

diagnostic records are not inconsistent with Dr. Zaide's treatment notes. And, finally, whether Dr. Zaide determined Plaintiff had a "good" prognosis is at least questionable. The "good" prognosis is found on the first page of Dr. Zaide's opinion report (Tr. 1201). Given the hard to decipher nature of the physician's handwriting, and the placement of the word in question on the report form just below the diagnoses, a reasonable person might read the notation as "gerd" or as "good" (*see* Tr. 1201).

The ALJ is tasked with accurate review and proper consideration of the record evidence to ultimately determine if the claimant for disability benefits is entitled to them under the Social Security Act. The Court's role is to accurately review the Commissioner's final decision for findings of fact supported by substantial evidence and for consideration of the record evidence in accord with the applicable Regulations and case law. Here, the ALJ's decision fails to demonstrate the ALJ weighed the medical opinion evidence under the precedent in this circuit. *See Phillips v. Barnhart,* 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).

As the Court has determined this case is due to be remanded for further proceedings, it is unnecessary to address this issue regarding other medical opinion evidence further. *See Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need

---

upon ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normalty." *Sellers v. Barnhart*, 246 F. Supp.2d 1201, 1211 (M.D. Ala. 2002). However, the Court is constrained from weighing the evidence and thus leaves that task to the Commissioner on remand.

not be addressed when the case would be remanded on other issues); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (finding it unnecessary to address certain issues because they were likely to be reconsidered on remand).

### IV. Conclusion

For the foregoing reasons, the decision of the Commissioner is not supported by substantial evidence or decided according to proper legal standards. Accordingly, the Commissioner's decision is hereby **REVERSED and the case is REMANDED** for additional proceedings consistent with the findings herein. On remand, the Commissioner shall: (1) reconsider and reassess the weight accorded to Dr. Zaide's, Dr. Chung's and Dr. Sury's opinions, state with particularity the weight assigned to them and the reasons therefor, and if parts of the opinions are disregarded explicitly state legitimate reasons therfor, (2) reassess Plaintiff's RFC, and (3) conduct other proceedings as may appear necessary.

Accordingly, it is **ORDERED:**

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with the instructions stated above.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3. Should this remand result in an award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b). Plaintiff's attorney shall file such a petition within **thirty (30) days** from

the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.  See In re: *Procedures for Apply for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1381(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of March,  2015.

Copies to counsel of record.

*[signature]*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE